UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.

BRENDA MELANSON,

      Plaintiff,

vs.

USAA FEDERAL SAVINGS BANK,

      Defendant.

_____/

## **NOTICE OF REMOVAL**

      Defendant USAA Federal Savings Bank ("USAA") hereby removes the Florida state court action described below pursuant to 28 U.S.C. §§ 1331; 1441; and 1446.

## I.      **BACKGROUND**

      1.    Plaintiff Brenda Melanson ("Ms. Melanson") commenced this action on or about September 23, 2020 by filing a complaint (the "Complaint") in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, Case No. 20-04550-CI (the "State Court Action").

      2.    On or around September 25, 2020, Ms. Melanson served the Complaint on USAA in San Antonio, Texas.[1]

---

[1] True and correct copies of the Summons, Complaint, and Clerk's Default are attached hereto as Exhibit "1". The Parties previously entered into an agreement to vacate the default and set the deadline for USAA's response to the Complaint. A Stipulation and Motion addressing same will be forthcoming.

75219690.1

3.     The Complaint alleges that USAA called Ms. Melanson's cell phone with knowledge that she was represented by counsel and without her consent using an automatic telephone dialing system.

4.     Based on these allegations, the Complaint asserts claims for violations of Florida's Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq*. ("FCCPA") and the federal Telephone Consumer Protection Act 47 U.S.C. § 227 *et seq*. ("TCPA").  Both the state and federal claims relate to the same alleged telephone calls.

5.     USAA has not yet responded to the Complaint.

## II.     BASIS FOR REMOVAL

6.     Under 28 U.S.C. §§ 1441(a) and 1446, the Complaint is removable to this Court because the procedural requirements for removal are satisfied, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

### A.     Removal to this Court is Timely and Appropriate

7.     This removal is timely under 28 U.S.C. § 1446(b) because it was filed within 30 days of the date on which USAA was served with the Summons and Complaint— September 25, 2020.

8.     Removal is appropriate to this Court pursuant to 28 U.S.C. § 1441(a) because this Court corresponds to the district and division where the State Court Action was filed—*i.e.*, the Circuit Court for the Sixth Judicial Circuit Court in and for Pinellas County, Florida—is located in the District Court for the Middle District of Florida, Tampa Division.

9.     Pursuant to 28 U.S.C. § 1446(d), USAA will provide a true and correct copy of this Notice of Removal to Ms. Melanson (through her counsel) and will file a true a correct copy of

75219690.1

this Notice of Removal with the Clerk of the Circuit Court for the Sixth Judicial Circuit Court in and for Pinellas County, Florida.

**B.     Federal Question Jurisdiction**

10.     The district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.  *See* 28 U.S.C. § 1331.  A case may be removed to federal court if it could have been brought in federal court originally.  *See* 28 U.S.C. § 1441; *see also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, (2003).  A claim "arises under" federal law when either:  (1) the well-pleaded complaint establishes that federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law.  *See Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)); *see also Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).

11.     Removal of the State Court Action is proper under 28 U.S.C. §§ 1331 and 1441, as it arises under the laws of the United States.  Specifically, Ms. Melanson alleges that USAA violated the federal TCPA by calling her.  (*See* Compl. ¶¶ 14-22; 92-105.)  The federal courts unquestionably have jurisdiction over private lawsuits arising under the TCPA.  *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).  Thus, Ms. Melanson alleges violations of federal law and her right to relief will necessarily depend upon the resolution of federal law.  Accordingly, this Court has federal question jurisdiction.

12.     Pursuant to 28 U.S.C. § 1331, removal based on the Court's federal question jurisdiction is appropriate.

75219690.1

### C.    Supplemental Jurisdiction

13.    This Court also has jurisdiction over Ms. Melanson's state law claims pursuant to 28 U.S.C. § 1367(a).  As noted by the Supreme Court, "[s]ection 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction."  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005).  This section "confers supplemental jurisdiction over all state law claims which arise out of a common nucleus of operative fact with a substantial federal claim."  *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006).

14.    Here, the Complaint alleges that the very same phone calls underpinning her TCPA claims also supports her state-law FCCPA claims.  (*See* Compl. ¶¶ 36-78 (factual allegations common to all claims)).  And, supplemental jurisdiction is typically exercised in this Court where the plaintiff presents state-law FCCPA claims alongside TCPA claims.  *See, e.g., Lawson v. Mid-Atlantic Fin. Co.*, No. 18-cv-2451, 2018 WL 6249791 (M.D. Fla. Nov. 29, 2018) (exercising supplemental jurisdiction over FCCPA claim related to TCPA claim).

15.    Accordingly, supplemental jurisdiction exists over Ms. Melanson's FCCPA claims.

**WHEREFORE,** USAA requests that this Court shall consider the Notice of Removal to remove the State Court Action now pending in the Circuit Court for the Sixth Judicial Circuit

4

Court in and for Pinellas County, Florida from that court to this Court and shall grant the relief requested herein.

Dated:  October 26, 2020                    Respectfully submitted,

*/s/ Brendan I. Herbert*
Brendan I. Herbert, Esquire
Florida Bar No. 76925
Henry H. Bolz, Esquire
Florida Bar No. 043350
bherbert@polsinelli.com
hbolz@polsinelli.com
POLSINELLI PC
1111 Brickell Avenue, Suite 2800
Miami, Florida  33131
Tel.:  305-921-1820
Fax:  305-921-1801
*Counsel for Defendant USAA*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed using the CM/ECF electronic filing system which will provide notice to all counsel of record this **26th** day of October, 2020:

Rebbecca A. Goodall, Esq.
William J. Kopp, Esq.
KOPP LAW, P.A.
100 Ashley Drive S., Suite 1750
Tampa, FL  33602
T:  813-999-3355
F:  727-999-2016
Kopplawpa@gmail.com
Rgoodall.law@gmail.com

*Counsel for Plaintiff*

*/s/ Brendan I. Herbert*
Counsel for USAA

75219690.1